UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO DETOX, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DETOX CENTER OF SAN DIEGO LLC, et al.,<br><br>Defendants. | Case No.: 3:22-cv-01145-RBM-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>**[Docs. 51, 57, 63]** |

Currently pending before the Court is (1) Plaintiff San Diego Detox, LLC's ("Plaintiff") application for order to seal re: Plaintiff's motion for summary judgment, summary adjudication, and permanent injunction, and in the alternative, preliminary injunction ("Motion to Seal 1") (Doc. 51); (2) Plaintiff's application for order to seal regarding Plaintiff's opposition to Defendants' motion for summary judgment ("Motion to Seal 2") (Doc. 57); and (3) Plaintiff's application for order to seal portions of the parties' joint statement of disputed and undisputed facts regarding their cross-motions for summary judgment ("Motion to Seal 3") (Doc. 63.).

For the reasons discussed below, Plaintiff's Motion to Seal 1 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motions to Seal 2 and 3 are **DENIED**.

///

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts … to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

The "compelling reasons" standard applies to documents related to a motion for summary judgment as well as a motion for preliminary injunction. *Foltz*, 331 F.3d at 1135–36; *Ctr. for Auto Safety*, 809 F.3d at 1103; *see also In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119–20 (9th Cir. 2012) (compelling reasons standard applied to *Daubert* motion filed in connection with pending summary judgment motion). The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon

consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 269(c)(1)(G)). Additionally, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the "parties have been able to point to concrete factual information" to justify sealing. *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (collecting cases); *see also In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information"). Because Plaintiff's sealing motions concern their briefing on the cross-motions for summary judgment (Docs. 51, 57, 63), the compelling reasons standard applies.

## II.   DISCUSSION

The Court has reviewed each of the Plaintiff's motions to seal and the lodged materials at issue. The Court will address each motion in turn below.

**A. Motion to Seal 1**

In Motion to Seal 1, Plaintiff seeks to seal: (1) from Exhibit 6, SDD 5, 152, 191, 217, 227, 230, 235, and 302; (2) from Exhibit 8, deposition designations of Defendants' witnesses' pages 248-264; (3) from the Hathorn Declaration, paragraphs 4 and 13; (4) Exhibit 20; (5) Exhibit 21; (6) from Exhibit 25, portions of pages 429-433; and (7)

3

Plaintiff's unredacted summary judgment motion. (Doc. 51 at 2.)

### 1.     SDD 5

Plaintiff explains that SDD 5 is a "confidential investment memorandum shared with potential investors of San Diego Detox, shared pursuant to NDAs protecting its confidentiality, which contains its non-public business plan, multi-phase expansion plan, five-year detailed financial projections including revenues and expenses, and proposed investor returns." (Doc. 51 at 4.) The Court has reviewed SDD 5 (Doc. 52-2) and determines there are compelling reasons to seal this confidential investment memorandum. *See Nixon*, 435 U.S. at 598.

### 2.     SDD 152, 191, and 217

Plaintiff explains that SDD 152, 191, and 217 contain "Active Marketing's confidential content plan from 2022 and 2023 for driving online traffic to San Diego Detox, including a global customized content and marketing plan created for San Diego Detox, KPI evolution, the allocation of San Diego Detox's advertising budget and internal goals of each, negotiated pricing information between San Diego Detox and its marketing firm, total advertising spend, and non-public contracting terms with San Diego Detox's marketing firm." (Doc. 51 at 4–5.) The Court has reviewed SDD 152 (Doc. 52-3) and SDD 191 (Doc. 52-4) and determines there are compelling reasons to seal these confidential marketing plans. *See Cohen v. Trump*, 2016 WL 3036302, at *5. However, the Court has also reviewed SDD 217 (Doc. 52-5) and it is unclear to the Court what this document has to do with confidential marketing materials. Accordingly, the Court finds there are not compelling reasons to seal SDD 217.

### 3.     SDD 227, 230, and 235

Plaintiff explains that SDD 227, 230, and 235 are "the 2022 and 2023 financials and five year pro forma for San Diego Detox. Such financial performance and projection information is highly confidential and routinely sealed, and sealing is needed to protect San Diego Detox's competitive position in the marketplace." (Doc. 51 at 5.) The Court has reviewed SDD 227, SDD 230, and SDD 217 (Doc. 52-6), and determines there are

compelling reasons to seal this internal profit, loss, and expense data. *See Cohen v. Trump*, 2016 WL 3036302, at *5.

### 4.     SDD 302

Plaintiff explains that SDD 302 is "San Diego Detox's partially-redacted patient list showing the number of patients for San Diego Detox through 2023, and also including the reimbursements received broken down for each patient. Although the names have been HIPPA redacted, the financial remuneration received at the patient-specific level of San Diego Detox is not generally known, is highly confidential internal financial performance information, is the level of specific financial information of a privately-held company, is routinely sealed, and making the information available to its competitors would harm its competitive standing." (Doc. 51 at 5.) The Court has reviewed SDD 302 (Doc. 52-7) and determines there are compelling reasons to seal this confidential patient-specific financial data. *See Cohen v. Trump*, 2016 WL 3036302, at *5.

### 5.     Portions of Exhibit 8 and Exhibit 20

Plaintiff explains that Exhibits 8 and 20 are designated as confidential or attorneys' eyes only by Defendants. (Doc. 51 at 5.) Plaintiff further explains Exhibit 20 is "Defendants' financial report and is plainly confidential internal financial information, the proper sealing and sensitivity of which Plaintiff does not dispute." (*Id.*) The Court has reviewed Exhibit 20 (Doc. 52-9) and determines there are compelling reasons to seal this disgorgement, profit, and loss data. *See Cohen v. Trump*, 2016 WL 3036302, at *5. However, the Court has also reviewed Exhibit 8 (Doc. 52-8) and it is unclear to the Court what basis Plaintiff proffers for why this document should be sealed. Accordingly, the Court finds there are not compelling reasons to seal Exhibit 8.

### 6.     Hathorn Declaration paragraphs 4 and 13

Plaintiff explains that paragraphs 4 and 13 of the Hathorn Declaration contain information from the exhibits noted above, including "San Diego Detox's percent of insured patients and marketing spend." (Doc. 51 at 5–6.) The Court has reviewed the Hathorn Declaration (Doc. 52-1) and determines there are compelling reasons to seal the

paragraphs 4 and 13 because they contain marketing spend, insured patient information, and generally pertain to Plaintiff's marketing strategy. *See Cohen v. Trump*, 2016 WL 3036302, at *5.

### 7. Exhibit 21

Plaintiff explains Exhibit 21 is "excerpts of the expert report of Dr. Smart, Defendants' expert report concerning damages and profit disgorgement, which contain specific discussion of and details of the financial performance of both San Diego Detox and Detox Center of San Diego, non-public companies whose financial information being shared is likely to harm their competitive standing[.]" (Doc. 51 at 6.) The Court cannot find Exhibit 21 in Plaintiff's lodged document (Doc. 52). Thus, there are not compelling reasons to seal this document at this time. Additionally, the lodged document contains Exhibits 22 and 23, but Plaintiff does not proffer any reasoning for including these two exhibits in its Motion to Seal 1. Thus, the Court finds there are not compelling reasons to seal those Exhibits 22 and 23.

### 8. Exhibit 25

Plaintiff explains redactions on pages 429 to 433 of Exhibit 25 (Hathorn Deposition transcript) "were designated as Confidential or AEO and discuss the confidential and recent specific marketing spends of San Diego Detox, which is confidential internal information, not generally known to the public and the confidentiality of which protects its competitive advantage." (Doc. 51 at 6.) The Court has reviewed Exhibit 25 (Doc. 52-11) and determines there are compelling reasons to seal this marketing spend information. *See Cohen v. Trump*, 2016 WL 3036302, at *5.

### 9. Unredacted Motion

The Court has reviewed Plaintiff's lodged unredacted motion. (Doc. 52.) As required by this Court's Civil Chamber Rules, Rule IV.B, Plaintiff failed to highlight those portions of the unredacted motion it seeks to redact. The Court does not know which portions Plaintiff seeks to redact and, therefore, cannot determine if there are compelling reasons to redact the motion.

B. **Motion to Seal 2**

In Motion to Seal 2, Plaintiff seeks to seal its unredacted motion in opposition to Defendant's motion for summary judgment. (Doc. 57 at 2.) Plaintiff explains the unredacted motion "merely seeks sealing of citations to the same evidence subject to the prior [Motion to Seal 1] filed in support of Plaintiff's Motion for Summary Judgment, and is thus supported on the same basis." (*Id.*) The Court has reviewed Plaintiff's lodged unredacted motion. (Doc. 58.) As required by this Court's Civil Chamber Rules, Rule IV.B, Plaintiff failed to highlight those portions of the unredacted motion it seeks to redact. Therefore, the Court does not know which portions Plaintiff seeks to redact and cannot determine if there are compelling reasons to grant Motion to Seal 2.

C. **Motion to Seal 3**

In Motion to Seal 3, Plaintiff seeks to seal the parties' "Unredacted Joint Statement of Disputed and Undisputed Facts re Cross Motions for Summary Judgment." (Doc. 63 at 2.) Plaintiff explains the motion "merely seeks sealing of citations to the same evidence subject to the prior [Motions to Seal 1 and 2] filed in support" of Plaintiff's motion for summary judgment and opposition to Defendant's motion for summary judgment. (*Id.*) The Court has reviewed Plaintiff's lodged unredacted joint statement of disputed and undisputed facts regarding their cross motions for summary judgment. (Doc. 64.) As required by this Court's Civil Chamber Rules, Rule IV.B, Plaintiff failed to highlight those portions of the unredacted motion it seeks to redact. Therefore, the Court does not know which portions Plaintiff seeks to redact and cannot determine if there are compelling reasons to grant Motion to Seal 3.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Seal 1 (Doc. 51) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motions to Seal 2 and 3 are **DENIED**. Plaintiff may file an amended motion to seal **on or before April 26, 2024** to address the following deficiencies:

1. The lack of compelling reasons to seal SDD 217 (Doc. 52-5), Exhibit 8 (Doc.

52-8), Exhibit 21, Exhibit 22, and Exhibit 23; and

**2.** The failure to identify (highlight) the portions the three unredacted motions referenced in Motions to Seal 1, 2, and 3 that Plaintiff asserts are subject to redaction and sealing.

**IT IS SO ORDERED.**

DATE: April 18, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE