# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO DETOX, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>DETOX CENTER OF SAN DIEGO LLC, et al.,<br><br>                    Defendants. | Case No.: 3:22-cv-01145-RBM-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AMENDED MOTION TO SEAL**<br><br>**[Doc. 78]** |

Currently pending before the Court is Plaintiff San Diego Detox's Amended Motion to Seal Pursuant to [77] Order Granting in Part and Denying in Part Motions to Seal [Docs. 51, 57, 63] ("Amended Motion to Seal"). (Doc. 78.) For the reasons discussed below, Plaintiff's Amended Motion to Seal is **GRANTED IN PART** and **DENIED IN PART**.

## I.   BACKGROUND

The Court incorporates its prior explanation of Plaintiff's Motions to Seal 1, 2, and 3 and Plaintiff's bases to request sealing of accompanying lodged documents. (Doc. 77.)

## II.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one

'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts … to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

The "compelling reasons" standard applies to documents related to a motion for summary judgment as well as a motion for preliminary injunction. *Foltz*, 331 F.3d at 1135–36; *Ctr. for Auto Safety*, 809 F.3d at 1103; *see also In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119–20 (9th Cir. 2012) (compelling reasons standard applied to *Daubert* motion filed in connection with pending summary judgment motion). The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing."

*Nixon*, 435 U.S. at 598.  "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'"  *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 269(c)(1)(G)).  Additionally, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the "parties have been able to point to concrete factual information" to justify sealing.  *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (collecting cases); *see also In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information").  Because Plaintiff's sealing motions concern their briefing on the cross-motions for summary judgment (Docs. 51, 57, 63), the compelling reasons standard applies.

### III.   DISCUSSION

The Court has reviewed Plaintiff's Amended Motion to Seal and accompanying lodged documents.  (Docs. 78, 79.)  In Plaintiff's Amended Motion, it explains it is not seeking to renew its request to seal (1) Doc. 52-5, SDD 217, (2) Doc. 52-8, Exhibit 8, and (3) Doc. 50-5, Exhibit 21, and explains Exhibit 21 was included inadvertently.  (Doc. 78 at 2.)[1]  Additionally, Plaintiff renews its request to seal (1) Doc. 52-10, Exhibit 22, (2) Doc. 52-10, Exhibit 23, (3) the unredacted version of Plaintiff's MSJ, (4) the unredacted version of Plaintiff's Opposition to Defendants' MSJ, and (5) the Unredacted Joint Statement of Disputed and Undisputed Facts re Cross Motions for Summary Judgment.  (*Id.* at 2–3.)

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

The Court addresses these documents below.

### 1. Exhibit 22

Plaintiff explains Exhibit 22 is "Defendant's financial statement." (*Id.* at 2.) The Court has reviewed Exhibit 22 (Doc. 79 at 2–6) and determines there are compelling reasons to seal Defendants' financial statement. *See Nixon*, 435 U.S. at 598.

### 2. Exhibit 23

Plaintiff explains Exhibit 22 is "Plaintiff's internal document which shows non-public click-through and impression data by month of SanDiegoDetox.com for Google AdWords, including its marketing expenses related thereto, and such internal metrics performance and financial metrics are highly confidential and would give competitors insight into Plaintiff's budget and non-public strategies." (Doc. 78 at 2.) The Court has reviewed Exhibit 22 (Doc. 79 at 8) and determines there are compelling reasons to seal this Google AdWords data. *See Nixon*, 435 U.S. at 598.

### 3. Unredacted Motion

The Court has reviewed the proposed redacted portions of Plaintiff's MSJ. (Doc. 79-1.) The Court determines there are compelling reasons to seal the redacted portions consistent with this Court's prior order concerning Plaintiff's Motions to Seal 1, 2 and 3 (Doc. 77) and the Court's sealing Exhibits 22 and 23 above. However, the Court does not find compelling reasons to seal redacted portions derived from Doc. 52-8, Exhibit 8, for which Plaintiff is not renewing its sealing motion.

### 4. Unredacted Opposition

The Court has reviewed the proposed redacted portions of Plaintiff's Opposition to Defendant's MSJ. (Doc. 79-2.) The Court determines there are compelling reasons to seal the redacted portions consistent with this Court's prior order concerning Plaintiff's Motions to Seal 1, 2 and 3 (Doc. 77) and the Court's sealing Exhibits 22 and 23 above. However, the Court does not find compelling reasons to redact any other citation not addressed in the Court's sealing orders. (*See e.g.*, Doc. 79-2 at 24.)

///

**5.     Unredacted Joint Statement**

The Court has reviewed the Unredacted Joint Statement of Disputed and Undisputed Facts re Cross Motions for Summary Judgment. (Doc. 79-3.) The Court determines there are compelling reasons to seal the redacted portions consistent with this Court's prior order concerning Plaintiff's Motions to Seal 1, 2 and 3 (Doc. 77) and the Court's sealing Exhibits 22 and 23 above.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiff's Amended Motion to Seal (Doc. 78) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **ORDERED** to publicly file the following on the docket **on or before May 10, 2024**:

**1.**   Doc. 52-5, SDD 217 and Doc. 52-8, Exhibit 8; and

**2.**   Any proposed redacted portion of Plaintiff's MSJ (Doc. 79-1) and Plaintiff's Opposition to Defendant's MSJ (Doc. 79-2) inconsistent with the Court's opinion above and the Court's prior sealing order (Doc. 77).

**IT IS SO ORDERED**.

DATE: May 8, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE